Citation Nr: 1736728 
Decision Date: 08/31/17 Archive Date: 09/06/17

DOCKET NO. 10-38 487 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Detroit, Michigan


THE ISSUE

Entitlement to an initial compensable rating for interstitial lung disease, diagnosed as early asbestosis.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

R. Casadei, Counsel 






INTRODUCTION

The Veteran served on active duty from August 1967 to August 1971. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2009 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Detroit, Michigan.

When this matter was last before the Board in February 2017, it was remanded to the RO for additional development. During the course of that development the Veteran perfected an appeal as to the claim for entitlement to service connection for ischemic heart disease. However, in his September 2016 substantive appeal, the Veteran requested a videoconference hearing before a Board member. The Veteran is awaiting his videoconference hearing date. Therefore, the Board will not address this issue, as it is not ready for adjudication.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

As discussed in the Board's February 2017 remand, the Veteran was to be afforded a new VA examination assess the current severity of his service-connected lung disability.

A respiratory condition Disability Benefits Questionnaire was obtained in March 2017. Pulmonary function testing (PFT) was performed; however, post- bronchodilator result for Diffusion Capacity of the Lung for Carbon Monoxide by the Single Breath (DLCO (SB)) was not provided. There was no explanation as to why no DLCO results were provided for post-bronchodilator testing. 

Notably, the Veteran's pre-bronchodilator results for DLCO SB were 64 percent in the June 2016 VA examination and 66 percent in the March 2017 DBQ examination. The General Rating Formula for Interstitial Lung Disease provides that a 30 percent rating is warranted where the FVC is 65 to 74 percent of predicted value or the DLCO (SB) is 56 to 65 percent of predicted value. In applying PFT results to the General Rating Formula, post-bronchodilator results will be used unless they are poorer than pre-bronchodilator results, in which case the pre-bronchodilator results will be used for rating purposes. 38 C.F.R. § 4.96 (d)(5) (2016). It is unclear if his post- bronchodilator DLCO would yield similar results.

In sum, the AOJ failed to comply with the Board's February 2017 remand directive in this regard. See Stegall v. West, 11 Vet. App. 268 (1998) (holding that a Board remand "confers on the veteran or other claimant, as a matter of law, the right to compliance with the remand orders"). Thus, post-DLCO SB testing must be conducted.

Accordingly, the case is REMANDED for the following actions:

1. Schedule the Veteran for a VA examination to determine the nature and extent of his service-connected asbestosis. The examiner should review the record prior to examination. The examination should be performed in accordance with the DBQ for respiratory disorders. The DBQ should be filled out completely as relevant. 

The examiner should address why the prior two examinations in June 2016 and March 2017 did not conduct post-bronchodilator DLCO testing and that testing should be specifically conducted on the current examination unless the examiner finds the test would not be useful or valid in a particular case. All findings, conclusions, and opinions must be supported by a clear rationale.

2. Then, readjudicate the claim on appeal in light of all of the evidence of record to specifically include any additional evidence that has been added to the record for review in the first instance. If the issue remains denied, the Veteran and his representative should be provided with a supplemental statement of the case and afforded a reasonable period of time within which to respond thereto.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
S. B. MAYS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).